## Case No. 3,000.

COLLENDER v. GRIFFITH (two suits).

[11 Blatchf. 212;[1] 3 O. G. 689; Fent. Pat. 83.]

Circuit Court, S. D. New York. June 24, 1873.

PATENTS—"BILLIARD TABLES"—DESIGN—VALIDITY — SUIT FOR INFRINGEMENT — TESTIMONY AS TO PRIOR USE—INFRINGEMENT OF COPYRIGHT.

1. Under sections 61 and 76 of the act of July 8, 1870 (16 Stat. 208, 210), in a suit in equity for the infringement of a patent for a design, testimony as to the prior knowledge and use of the patented design by persons not named in the answer, is incompetent.

[Cited in La Baw v. Hawkins, Case No. 7,-960.]

2. Billiard tables, and designs therefor, having the sides and ends bevelled, being old, a patent for a design having a greater bevel is void, as presenting no feature of invention or discovery.

3. A copyright of an engraving of such patented design cannot be used to prevent a person who has the right to make billiard tables in the way he makes them, from advertising them by publishing an engraving of them.

[Distinguished in Yuengling v. Schile, 12 Fed. 100.]

[In equity. Bills by Hugh W. Collender against William H. Griffith to restrain infringement of letters patent No. 145,787, granted to complainant December 23, 1873.]

William J. A. Fuller, for plaintiff.
Anthony R. Dyett, for defendant.

WOODRUFF, Circuit Judge. These two suits were submitted together upon the same proofs. The only question argued by counsel was, whether the testimony of certain witnesses called to prove the want of novelty in the alleged invention or new design, and who mention the knowledge and use thereof

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

by persons not named in the defendant's answer, is competent. On that question, I must hold, that evidence of the knowledge and use by persons not so named is incompetent, and must be rejected. The court has no discretion on the subject. Such knowledge and use is not a defence, under the statute (Act July 8, 1870, §§ 61, 76, 16 Stat. 208, 210), available to the defendant. It is, therefore, rejected.

The counsel, on the argument of the question above stated, submitted the cases upon the merits, on briefs then or afterwards submitted. One suit is founded upon a patent for a design for a billiard table; the other, upon a copyright of an engraving exhibiting a view of the same billiard table, with its ornamentation by carvings, &c.

As to the first, I am of opinion, that, in view of the state of the art, and the proof of the prior existence and use of billiard tables similar in form, there was no ground for such a patent. In truth, as a form of construction or configuration, it was not novel, in any such sense that its adoption constituted invention. This is proved without the testimony which I have above rejected as inadmissible under the pleadings. It is to be remembered, this is not a patent for the billiard table itself, or for any thing new in its actual construction, but only for a design, embracing its shape or configuration, by whatever means it is effected. The principal, if not the sole, feature claimed, is the form of bevelled sides and ends. Tables, and designs for tables, having such bevelled sides and ends, both straight and in the form technically called "ogee," are shown to be old and to have been in public use long before the complainant's alleged invention. This is so clearly established, that the argument in behalf of the complainant proceeds mainly upon the ground that the inclination or bevel is greater in the complainant's design than in the others. It is, at least, doubtful whether that is true as to some of such prior designs. But, in any view of that point, the subject was one of degree of inclination and bevel, to be determined as matter of judgment, in view of the purpose such bevel is adapted to serve, and not matter of new discovery or invention. It embraced no new idea. In either, the inward inclination of the lower part of the sides of the table, receding from the outer edge of the top or cushion bar, enabled the player to stand with one knee partially under the table, for convenience, in some part of his playing. The extent of such recess was mere matter of judgment in the manufacture, looking to the purpose for which it was desirable. Had the complainant invented something new in the mode of construction of the sides of the table, some new device by the use of which a table could be constructed with a greater bevel or inward inclination than was before practicable, or a new device by which a new result was produced in making any

bevelled side, that might, perhaps, have been secured to him; but I think it clear, that a mere design which is practically a suggestion that a greater degree of inclination of the sides will make the table more convenient, when other tables already existed which, with a view to the same useful result in kind, were constructed with a similar bevel, is not invention, nor the proper subject of a patent. If it be possible, however, to include in the complainant's patent not merely the form or configuration of a billiard table, but its peculiar ornamentation, then the complainant must fail, because the defendant does not use the complainant's ornamentation. I state this hypothetically, because, unless the complainant be confined to the specific ornamentation which his design exhibits, then there is nothing new in that feature.

As to the copyright, these views are in a large degree applicable to that, also. And besides, the engraving claimed to be the subject of copyright is not a work of art, print, lithograph or engraving, having any value or use as such. It is a mere copy of what the complainant has patented as a design, and constitutes the mode in which the complainant advertises his tables. The defendant, having the right to make his own tables as he does make them, has an equal right to advertise them, by showing to the public their appearance, by engraving, lithograph or photograph.

The bills of complaint must be dismissed, with costs.

[NOTE. Complainant, on June 1, 1875, obtained a reissue of the patent (numbered 6,469), and brought suit against the same defendant for infringement, but the bill was dismissed. Collender v. Griffith, 2 Fed. 206.]